UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 03 CR 1092 |
| v. | ) | |
| | ) | Judge Ruben Castillo |
| DANIEL E. VON LOH | ) | |

FILED MAR 2 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED MAR 2 5 2004

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, DANIEL E. VON LOH, and his attorney DANIEL HESLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding the defendant's criminal liability in case 03 CR 1092.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, DANIEL E. VON LOH, and his attorney DANIEL HESLER, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the indictment in this case with knowingly using a computer from October 26, 2003, through October 28, 2003, to entice a minor

to engage in sexual activity in violation of Title 18, United States Code, Section 2422(b) (Count One), knowingly using a computer on November 13, 2003 to entice a minor to engage in sexual activity in violation of Title 18, United States Code, Section 2422(b) (Count Two), and traveling on November 14, 2003 in interstate commerce with the intent and for the purpose of engaging in illicit sexual conduct with a minor in violation of Title 18, United States Code, § 2423(b) (Count Three).

2. Defendant has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count Three of the indictment in this case.

5. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Three of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Defendant resided in Madison, Wisconsin. Defendant had private accounts with Internet Service Providers ("ISP"), commercial entities doing business in interstate commerce that offered computer-related communications services, including e-mail and "instant messages," to their subscribers. Through the use of a computer, ISP subscribers were able to communicate with other ISP subscribers by way of e-mail and instant messages. A user of these services assigned to himself or herself a "screen name," that is, a name by which that user would be identified to other users of these communications services. Defendant subscribed to one of these ISP services and used the

screen names "Dan_the_man_4u," "Curious_about u," "Music_lover 1980," "Ericluvsu," and "Baseballstarr69."

As set forth in Count Three of the indictment, on November 14, 2003, defendant traveled from Madison, Wisconsin, to Schaumburg, Illinois, with the intent and for the purpose of engaging in illicit sexual conduct with "Person A," a 14-year old female at least four years younger than the defendant, which conduct would be in violation of Chapter 109A of Title 18, United States Code, if the conduct occurred within the special jurisdiction of the United States. The defendant communicated with Person A on the internet through an ISP over an extended period of time in 2003 prior to his November 14, 2003 trip. The defendant knew Person A was 14 years old. The defendant used more than one screen name to communicate with Person A. The defendant did not tell Person A that he was the same person sending her messages under these different screen names. For example, in using the screen name "Music_lover1980," defendant posed as a different person and he elicited Person A's views about himself through this alternate persona. Person A never knew that, when she was communicating on-line with "Music_Lover1980," she was, in fact, conversing with the defendant.

On or about November 13, 2003, the defendant used the internet through an ISP to persuade Person A to meet him the next day. On that date, the defendant and Person A agreed that the defendant would travel from his home in Madison, Wisconsin, on November 14, 2003, and pick Person A up near her home for the purpose of engaging in sexual activity with Person A during the weekend at a motel in the area of Person's A residence. On the morning of November 14, 2003, the defendant left his home in Madison and arrived near Person A's home in Illinois around 5 p.m. The defendant picked up Person A down the street from her parent's house. The defendant then drove

3

Person A to a motel located in the northwest suburbs of Chicago, Illinois. When the defendant and Person A arrived at that motel, the defendant paid cash for a room for the evening.

Once the defendant and Person A were alone together in the motel room, the defendant engaged in oral sex with Person A at least two times and vaginal intercourse with Person A once on November 14 and twice on November 15, 2003. On the evening of November 15, 2003, Person A placed a telephone call to her parents. Person A was informed by her parents that they were worried about her and they had contacted the local police. Person A then asked the defendant to drive her home. Shortly thereafter, the defendant drove Person A to a street corner near her house. Person A walked home and the defendant drove back to his residence in Madison, Wisconsin.

6. For purpose of computing his sentence under the U.S. Sentencing Guidelines, and pursuant to Guidelines Section 1B1.2(c), defendant stipulates to having committed the following additional offenses constituting violations of 18 U.S.C. § 2423(a) and (b) :

a. In or about August 2003, the defendant traveled in interstate commerce from his home in Madison, Wisconsin to Schaumburg, Illinois, with the intent and for the purpose of engaging in illicit sexual conduct with Person A in violation of 18 U.S.C. § 2423(b). Specifically, the defendant drove from Madison, Wisconsin, picked up Person A near her home in Illinois, and drove to a motel located in the northwest suburbs of Chicago. While at this motel, the defendant and Person A engaged in oral sex with each other.

b. In or about September 2003, the defendant knowingly transported Person A in interstate commerce with intent to engage in sexual activity for which he could be charged with a criminal offense in violation of 18 U.S.C. § 2423(a). Specifically, in late September 2003, the defendant traveled from his home in Madison, Wisconsin, and he met Person A near her home in

4

Illinois. The defendant drove Person A back to his house in Madison for the purpose of engaging in sexual activity over a weekend. During this encounter in Madison, Wisconsin, the defendant and Person A engaged in oral sex and in sexual intercourse with each other. At the conclusion of the weekend in Madison, Wisconsin, the defendant drove Person A back to her house in Illinois.

7. The parties agree that the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28 United States Code, Section 994, effective November 5, 2003, are applicable. For purposes of applying those guidelines, the parties agree on the following points:

Calculation as to Count Three:

(a) Pursuant to Guideline § 2A3.2(a)(1), the base offense level for the offense of conviction is level 24 because the offense involved the commission of a sexual act or sexual contact.

(b) Pursuant to Guideline § 2A3.2(b)(2)(A)(i) and (ii), the base offense level must be increased by 2 levels because the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate transportation or travel by the victim or a participant, to engage in prohibited sexual conduct.

(c) Pursuant to Guideline § 2A3.2(b)(3)(A) and (B), the base offense level must be increased by 2 levels because a computer or an Internet-access device was used to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate the travel by the victim or a participant, to engage in prohibited sexual conduct.

Calculation as to Stipulated Offense in Paragraph 6(a):

(d) Pursuant to Guideline § 2A3.2(a)(1), the base offense level for this offense is level 24 because the offense involved the commission of a sexual act or sexual contact.

5

(e) Pursuant to Guideline § 2A3.2(b)(2)(A)(i) and (ii), the base offense level must be increased by 2 levels because the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate transportation or travel by the victim or a participant, to engage in prohibited sexual conduct.

(f) Pursuant to Guideline § 2A3.2(b)(3)(A) and (B), the base offense level must be increased by 2 levels because a computer or an Internet-access device was used to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate the travel by the victim or a participant, to engage in prohibited sexual conduct.

Calculation as to Stipulated Offense in Paragraph 6(b):

(g) Pursuant to Guideline § 2A3.2(a)(1), the base offense level for this offense is level 24 because the offense involved the commission of a sexual act or sexual contact.

(h) Pursuant to Guideline § 2A3.2(b)(2)(A)(i) and (ii), the base offense level must be increased by 2 levels because the offense involved the knowing misrepresentation of the defendant's identity to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate transportation or travel by the victim or a participant, to engage in prohibited sexual conduct.

(i) Pursuant to Guideline § 2A3.2(b)(3)(A) and (B), the base offense level must be increased by 2 levels because a computer or an Internet-access device was used to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct, and to facilitate the travel by the victim or a participant, to engage in prohibited sexual conduct.

(j) It is the position of the government that, pursuant to Guideline § 3D1.2, Count Three and the stipulated offenses constitute separate Groups, resulting, pursuant to Guideline § 3D1.4, in three units and a three-level increase in defendant's total offense level. The defendant reserves the right to argue that Count Three and the stipulated offenses should be grouped pursuant to Guideline § 3D1.2(b) or (c). The parties are free to argue their respective positions at the sentencing hearing.

(k) The parties agree that, pursuant to Guideline § 4B1.5(b)(1), the defendant's adjusted offense level must be increased by five levels because the offense of conviction is a covered sex crime (*i.e.* a travel offense under Chapter 117 of Title 18), and the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(l) The defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), a two-level reduction in the offense level is appropriate.

(m) Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b). Accordingly, at the time of defendant's sentencing hearing, the government will move for an additional 1-level reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline § 3E1.1(a).

(n) In 1978, the defendant was convicted of grand theft of property and was sentenced to twelve months probation. No criminal history points are assessed for this conviction.

(o) In 1983, the defendant was convicted of issuing worthless checks and was sentenced to two years probation. No criminal history points are assessed for this conviction.

(p) In 1986, the defendant was convicted of retail theft and was sentenced to twelve months probation. No criminal history points are assessed for this conviction.

(q) In 1986, the defendant was again convicted of retail theft and was sentenced to eighteen months probation. No criminal history points are assessed for this conviction.

(r) In 1987, the defendant was convicted of unlawful use of a telephone and was sentenced to thirty-three months imprisonment. Pursuant to § 4A1.1(a), defendant receives three criminal history points for this conviction.

(s) In 1988, the defendant was convicted of four counts of criminal trespass and one count of lewd and lascivious behavior and was sentenced to twelve years imprisonment. Pursuant to § 4A1.1(a), defendant receives three criminal history points for this conviction.

(t) Based on the facts known to the government, defendant's criminal history points equal six and defendant's criminal history category is III.

(u) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly,

the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

8. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

9. Defendant understands that the count to which he will plead guilty carries a maximum penalty of 30 years imprisonment, a maximum fine of $250,000, any restitution ordered by the Court, and a term of supervised release of at least three years but not more than five years, which the court may specify.

10. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 for the count to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

11. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the

trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, and considering each count separately, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

10

12. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

13. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

14. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

15. At the time of sentencing, each party is free to recommend any sentence within the applicable guideline range.

16. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and, subject to the limitations of the Sentencing Guidelines, may impose the maximum penalties as set forth in Paragraph 9 above. The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

17. Regarding restitution, the parties acknowledge that, pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution to the victim, minus any credits for funds repaid prior to sentencing. The defendant understands that Title 18, United States Code, Section 3664 and Sections 5E1.1 and 5E1.2 of the Sentencing Guidelines set forth the

factors to be weighed in setting a fine and in determining the schedule, if any, according to which restitution is to be paid in this case. The defendant agrees to provide full and truthful information to the Court and the United States Probation Officer regarding all details of his economic circumstances in order to determine the proper restitution schedule according to which the defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as contempt of the court.

18. The indictment charges that because the defendant knowingly engaged in conduct in violation of Title 18, United States Code, Section 2423(b), he subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253, any property, real or personal, used or intended to be used to commit and to promote the commission of the charged offenses, including his computer and associated peripherals and floppy and compact discs. By entry of a guilty plea to the indictment, the defendant understands that any property, real or personal, as a result of these violations is subject to forfeiture.

Defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above property so that these items may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest or claim to this property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty the Court may impose upon the defendant in addition to the forfeiture judgment.

19. After sentence has been imposed on the count to which the defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment.

20. Defendant agrees to undergo psychological counseling following his period of incarceration in this case while on supervised release.

21. Defendant agrees to register as a sex offender in any state in which he resides following his period of incarceration.

22. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

24. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

25. Should the Court refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

26. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED this 24th day of March, 2004

_____ *for PJF*
PATRICK J. FITZGERALD
United States Attorney

_____
CHRISTOPHER P. HOTALING
Assistant United States Attorney

_____
DANIEL E. VON LOH
Defendant

_____
DANIEL HESLER
Attorney for Defendant