IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 25 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 03 CR 1092 |
| vs. | ) |
| | ) Judge Ruben Castillo |
| DANIEL VON LOH | ) |

## NOTICE OF FILING

To: Daniel J. Hesler  
55 E. Monroe  
Suite 2800  
Chicago, Illinois 60603  
(312) 621-8399 (Fax)

~~Gervacio Lopez~~ Michael Alper  
U.S. Probation Officer  
55 E. Monroe Street, 15th Floor  
Chicago, Illinois 60603  
(312) 408-5045 (Fax)

PLEASE TAKE NOTICE that on Tuesday, May 25, 2004, the undersigned filed with the clerk of this Court, **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO THE PSR**, service of which is being made upon you.

/s/ Christopher Hotaling  
CHRISTOPHER P. HOTALING  
Assistant United States Attorney  
219 South Dearborn Street - 5000  
Chicago, Illinois 60604  
(312) 353-5324

STATE OF ILLINOIS )  
) SS  
COUNTY OF COOK )

Christopher P. Hotaling, being first duly sworn on oath deposes and says that he is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 25th day of May 2004 he caused a copy of the foregoing Notice and the above-described submission to be sent via facsimile before 6:00 p.m.

/s/ Christopher Hotaling  
CHRISTOPHER P. HOTALING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 25 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 03 CR 1092 |
| vs. | ) | |
| | ) | Judge Ruben Castillo |
| DANIEL VON LOH | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO THE PSR

THE UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant Daniel Von Loh's Sentencing Memorandum and Objections to the PSR.

### I. BACKGROUND

On December 18, 2003, a federal grand jury returned a three-count indictment against the defendant alleging that, on or about October 26, 2003 and continuing until on or about October 28, 2003, and then again on or about November 13, 2003, defendant knowingly persuaded, induced, and enticed a 14 year old minor female with a facility and means of interstate commerce to engage in inappropriate sexual conduct, in violation of 18 U.S.C. § 2422(b) (Counts One and Two). In addition, the defendant was charged with traveling in interstate commerce from Madison, Wisconsin to Schaumburg, Illinois on or about November 14, 2003 with the intent and for the purpose of engaging in illicit sexual conduct with a 14 year old minor female, in violation of 18 U.S.C. § 2423(b) (Count Three).

On March 24, 2004, the defendant, his attorney and the government entered into a written plea agreement in this case. On that same day, the defendant changed his plea of not guilty and entered a plea of guilty to Count Three of the indictment. A copy of the plea agreement is attached



to the Presentence Investigation Report (PSI) submitted to the Court and the parties by the United States Probation Office. The case is set for sentencing on May 26, 2004. On May 21, 2004, the defendant filed a sentencing memorandum in which he raised two primary objections to the PSI.

## II. ARGUMENT

### A. Response to Defendant's Objection to the Grouping of Counts in the PSI.

On page 3, lines 86 - 90 of the PSI, the Probation Department determined that the offense of conviction and the stipulated offenses in this case should not be grouped pursuant to Guideline § 3D1.2. Specifically, the PSI states that "the count of conviction and two counts of stipulated conduct are not grouped together, as the three offenses occurred on separate dates, and constitute separate offenses." PSI, lines 86 - 88. In reaching this conclusion, the PSI correctly refers to Application Note (4) of Guideline § 3D1.2. That Application Note states that "Subsection (b) provides that counts that are part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim are to be grouped together, even if they constitute legally distinct offenses occurring at different times. This provision does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm." U.S.S.G. § 3D1.2, comment. (n.4) (emphasis added). In order to further clarify § 3D1.2(b), the Application Note provides a number of examples in which grouping should and should not occur. The most relevant example to the factual situation presented by this case is example number 5. That example states: "The defendant is convicted of two counts of rape for raping the same person on different days. The counts are not to be grouped together." *Id.* (emphasis in the original).

In his memorandum, defendant has argued that the offense of conviction and the stipulated offenses do not fall within the parameters of § 3D1.2(b) and its Application Note. The defendant

2

is wrong on a number of levels. To argue that defendant's multiple instances of sexual contact with his 14 year old victim constitute one composite harm strains credulity. The facts of this case have already been provided to the Court during the Rule 11 plea colloquy and need not be recounted in detail here. Nevertheless, it is important to note that this highly inappropriate "relationship" began over the Internet a number of months prior to defendant's first sexual encounter with the victim. In order for defendant to accurately gauge the victim's feelings toward him during this time, he used multiple computer screen names and assumed different identities in their online communications. This ultimately led to their first face-to-face meeting in August 2003 in which they engaged in numerous sex acts. They met again in September 2003 and then again in November 2003. Each of these sexual encounters represented a single, traumatic and life-altering event for the victim. To minimize these encounters by arguing that they simply represent a single composite harm to the victim does a disservice to the very real and significant impact this unfortunate situation will likely have on the victim for the rest of her life.

Further, the defendant has admitted to engaging in illicit sexual conduct with the minor victim on three separate dates. This type of conduct is exactly the scenario envisioned in example number 5 of Application Note 4. While defendant apparently disagrees (see Defendant's Brief at 10 - 12), there can be no real dispute that defendant raped the victim. In Illinois, the offense of Aggravated Criminal Sexual Abuse (statutory rape) states that the "accused commits aggravated criminal sexual abuse if he or she commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 17 years of age and the accused was at least 5 years older than the victim." 720 ILCS 5/12-16(d). It is a fundamental principle of this, as well as every other statutory rape law, that the "consent" of the minor is an irrelevant consideration. Once it is

established that the victim was between 13 and 17 years of age and a defendant was more than 5 years older than the victim, then the crime has been committed regardless of either the consent of the victim or the mental state of the defendant. Therefore, once Von Loh engaged in illicit sexual conduct with his 14 year old victim in August 2003, he raped her. Similarly, Von Loh raped his victim in September and again in November. Thus, example 5 to Application Note 4 applies in this case and the offense of conviction and the stipulated offenses should not be grouped.

B. Application of § 4B1.5 Is Not An "Other Adjustment" For Purposes of § 3D1.2(c).

As part of the plea agreement between defendant and the government, defendant agreed to the imposition of a 5 level enhancement pursuant to § 4B1.5, "Repeat and Dangerous Sex Offender Against Minors." In his motion, defendant argues that the 5 level assessment under § 4B1.5, which was based on the offense of conviction and the stipulated conduct, requires the Court to group the counts pursuant to § 3D1.2(c). This argument is flawed.

First, a careful reading of § 3D1.2(c) shows that it only applies to specific offense characteristics or adjustments to guideline calculations for different counts of conviction. By its terms, this subsection does not apply to Chapter 4 enhancements such as § 4B1.5. Furthermore, the problem of "double counting" raised by defendant in his brief is not a consideration in this case. In order for § 4B1.5 to be applicable, the offense of conviction must be a covered sex crime and the defendant must have engaged in "a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). According to Application Note 4(B), a defendant engages in a "pattern of activity involving prohibited sexual conduct" if, on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. An occasion of prohibited sexual conduct "may

4

be considered for purposes of subsection (b) <u>without</u> <u>regard</u> to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." U.S.S.G. § 4B1.5, comment. (n.4). This language is significant because it demonstrates that the Sentencing Commission has determined that the offense of conviction and/or stipulated conduct may be considered as part of the § 4B1.5 analysis without the fear of double counting.

## CONCLUSION

For the foregoing reasons, the government requests that this Court reject defendant Daniel Von Loh's objections to the PSI and instead adopt its findings and conclusions.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By: CHRISTOPHER P. HOTALING
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5324